
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEBORAH BOSTICE-BALL,<br>    Plaintiff, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-868-O |
| WELLS FARGO BANK, N.A., ET AL.,<br>    Defendants, | § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE")'s Motion to Dismiss ("Def.'s Mot.") [doc. # 8], filed November 8, 2013. In its motion, BDFTE requests that the Court dismiss it as a defendant from the above-styled and numbered cause because Plaintiff has failed to state a claim against it as required pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Defendant's Motion to Dismiss ("Def.'s Mot.") at 1.) According to BDFTE, it should be dismissed because *pro-se* Plaintiff Deborah Bostice-Ball ("Bostice-Ball")'s complaint does not identify a single act or omission attributable to BDFTE in support of any cause of action related to the real property located at 1114 Hudson Drive, Mansfield, Texas 76063. (Def.'s Mot. at 1.) BDFTE further argues that it is impossible to ascertain the injury that Plaintiff complains of and Plaintiff fails to establish a connection between concretely pleaded facts and any cause of action against BDFTE. (Def.'s Mot. at 1-2.)

---

[1] Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." The plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Having carefully considered BDFTE's motion and Plaintiff's complaint filed in state court, and noting that Plaintiff wholly failed to file a response, the undersigned recommends that the Court grant BDFTE's motion and dismiss it from the suit for the reasons stated therein.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **January 9, 2014**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 26, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv